Case 21-1231, Wilson v. Schlumberger. Mr. Lombardi, you may proceed. Thank you, Your Honor. Good morning, and may it please the Court. My name is Robert Lombardi, counsel for Schlumberger Technology Corporation, STC, appellant in this matter. And the two issues presented for review are whether the jury instruction number 10 misstates the law by requiring a reusable relationship test in terms of between the base salary and overall compensation of the employee and whether STC is entitled to judgment as a matter of law based upon the overwhelming evidence presented during trial. Pelley Wilson was employed as a measurement while drilling specialist, or MWDD, by STC, which supports oil field drilling companies. At all times, he was paid a base salary which exceeded $455 per week, which was the standard necessary in order to qualify for the administrative exemption. And in addition, he received bonuses. The bonuses were in return for days in which he provided services and billed a customer. The bonus varied based upon the nature of service offered, more valuable service such as reduced crew services or higher technology that had a higher bonus rate than other bonuses. He did not earn any bonus for any day in which he performed no work. He did not earn any bonus for any day in which he did not bill the customer, such as for training days or administrative days in the office filling out paperwork. Still, he received his full salary for every week, regardless whether or not he worked any hours that week or not. Wilson performed quality control services for STC's customers. Was the court's error here in, I know you argue instruction 10 was wrong, should it just have been deleted or was there a substitute instruction that was necessary? Your Honor, per the court's request, we submitted a substitute instruction. But in our opinion, it just should have been deleted. It was adequately covered by the requirement to say that he must be paid on a salary basis of at least $455 a week, as he was a salaried employee and under the administrative regulation. That's all that was required. What did your instruction say? Your Honor, I believe it spelled that out in more detail, but it still basically said that the reasonable relationship does not apply. And, Your Honor, he served as lead MWD at the rigs, which means he was responsible for Whenever the crew was ready for drilling, the MWD function was there to support and give the data and measurement services that they... Weren't those issues, those facts disputed? Your Honor, there were disputes of fact. They were primarily involved such things as the spent most of his time in front of the computers, watching the data come through. Yeah, but the jury skipped all that because they ruled against you on the reasonable relationship test. Absolutely, Your Honor. They never reached that decision. But the evidence is in the record and the overwhelming evidence supports STC's position that he performed the exempt administrative duties. And that's why we're asking the court to consider judgment as a matter of law rather than just remand. And Your Honor, as far as... Can I ask you a question about your theory of the regulation? If Schlumberger guaranteed him the biweekly rate, let's say $1,000 for purposes of my question, and then he did work and he did rig work, so if they paid him the rig day rate and then under the methodology did not also pay the biweekly $1,000 amount, would the reasonable relationship test apply there? Your Honor, I'm not... Do you understand my question? I'm not quite sure I understand the question, but if I do understand it, if a company does not pay an exempt employee their base salary, he's no longer exempt. And that's the end of that argument there. But here we have it undisputed that it was paid to salary each and every week. Yeah, so I'm just looking at the sample paycheck included in the record, and I'm just saying if you got all the other pay but did not get the biweekly salary pay because they basically paid him the other work, that takes him out of 604A and into 604B? No, Your Honor, I would say under those circumstances he does not satisfy 602 unless there is a legitimate basis for excluding the pay, such as disciplinary suspension, failure to work a full week. There are reasons why you can validly not pay an exempt employee for a full week's pay or for single day's pay or even under the FMLA for hours. But you have to be able to justify it because 602 requires a guaranteed salary. What do you think is the scope of its 541-604B? When would that come into play? Your Honor, although I disagree with the ultimate conclusion of the Fifth Circuit in Hewitt v. Helix, that is the perfect example. That's an individual who is paid, and the reason why I disagree is because he was highly compensated. But that regulation is designed for people who are paid a true day rate, which means a straight day rate. That's all they earn. And if they work more than a guarantee, they just get that extra day rate. They have no other income. In fact, the regulation 541.778, I believe, defines the day rate as somebody who continuously receives the same pay. You say it just applies to someone with a day rate, but it talks about people whose it applies equally to those. It's where it's computed on an hourly or a time increment. And so that way, and the DOL talks about this within the Federal Register from April 29, 2004. The issue is if you guarantee someone three days and they're on a day rate and they regularly work five, it's the effective shorting of two days' pay. That's their concern. That does not apply at all to a salary. Under a salary, if you work just one day, you have your full salary. Under the salary, if you work seven days, you still have your full salary. The concept doesn't translate to a salaried employee, their concern, because the salary is designed to work. I have a question on subsection B that seemed to focus on whether your shift pay is for work performed during the normal work week or it's above and beyond that. Your Honor, I'd also like to point you back to 604A, which states that extra pay can also be directly for extra work, such as straight time or time and a half for extra work. The difference between A and... But in subsection A, when it talks about the exemption is not lost if an exempt employee is guaranteed $4.55 per week and also receives additional compensation based on work hours, hours worked for work beyond the normal work week. That seems to be an important distinction between the two subsections. If you're getting a shift pay or a daily rate or something and it's beyond your normal work week, then it falls under B. If it's beyond your normal work week, it's under A. If you're being paid that as part of your normal work week, you have to have a reasonable relationship. Your Honor, I respectfully disagree as far as that goes because A specifically says that it consists of any amount of pay basically under any structure. The vast majority of courts that have looked at this have said that where there is a base salary, a true salary that covers all hours worked, then subsection B does not apply. Isn't that the issue, whether this is a true salary? The guy's making $100,000 a year and the salary is $25,000 a year. Exactly. Isn't that the factual situation here? No, Your Honor, I would disagree with that because... Well, what is he making every year about? One year he made over $100,000. Yes, Your Honor, and in the particular year, the year in question, he had made in total $76,000 through his termination in October. Pro rata, he would have made about $95,000. And that the DOL, and you can see this where the DOL is talking about highly compensated employee in that same federal register, they say that the $455,000, and this is important also in terms of when we're looking at the governing statute, which is 27 section 213, the DOL does not have authority really to set any type of minimum wage. They are exempt from minimum wage and overtime. Rather, that is just a benchmark, an indicator as to the level of responsibility. And the DOL said, let's set that level at $455,000, and if they're below that, they are very, very suspect as not performing exempt duties. And so the issue is not the level. The DOL has set the level as a benchmark for level of responsibility, not, and it specifically recognizes that someone can work longer hours and actually be under minimum wage, but they're still exempt based on their duties. Can I come back to 604A and Judge McHugh's question? What is the meaning of the provision that talks about hours worked for work beyond the normal work week? What work is being done by that language? Your Honor, if I may reserve time. I'll give you time. Okay. Your Honor, the section needs to be read in its entirety. And that is one example. It's clear at the bottom that these are all multiple examples. But the bottom line is that the DOL has stated that the employer can structure additional pay on any basis as long as that guarantee is there. And unlike B, that guarantee is not computed on time. The guarantee is a pure salary. All right. You may reserve the rest of your time. Let's hear from Mr. Hewitt. I'm sorry, Mr. Presidio. Good morning, Your Honors. And may it please the Court. I'm glad you picked the Fair Labor Standards Act to kick off a Monday morning after you guys haven't had an oral argument in a couple years. It's riveting stuff. I'm glad to have you here. Let me start by answering a question that you asked Mr. Lombardi, if I may. And that was the proffer jury instruction. It's at 182 of their appendix, their volume. It was said at the time that the base salary itself had to be paid on an hourly, daily, or shift basis to get to B. That was what he put in the jury instruction that he put up there. I want to go back, though, and start with this. You may be wondering why on earth we're talking about extra pay and that sort of thing. And here's really how it plays out. For many years, a salary is called a predetermined amount that doesn't change based on the quantity or quality of work. Well, if you're paying extra money for extra work, then it's not a predetermined amount anymore, and it does change based on the quantity of work. The DOL didn't want to discourage that, though, and they allowed individuals and companies to pay people extra pay for this extra work. The salary is supposed to cover the regular normal work week for that individual, whether it's 30 hours or 40 hours, right? That's what the salary is intended to do, unless, as in this case, they put the salary artificially low and then pump most of the money that the person gets paid into another category that fluctuates based on hours and quantity, quality of work. And in that case, it's an illusion. It's a ruse to get around the act, and it's treating somebody like they are an hourly-based employee. That's what, if you look at the, and the reason this is important in the Federal Register preamble discussion is because Congress gave the Department of Labor, unlike in many other areas of law, Congress gave them legislative authority, basically, legislative rulemaking authority. So what the DOL says about 541 regulations is given our and Chevron deference. And so seeing what the Department of Labor said, unlike a congressional floor debate where you have people going back and forth, here the agency's telling you what it was to publish these regulations, was it took a section from 541.118 of what I'll call the pre-2004 regulations, and it rewrote it and moved it into kind of a separate section. It also reorganized a lot of the regulations. And so if you look at the structure of the regulations, it starts off in that section 541.600 talking about the salary requirements, the amounts. Well, Mr. Wilson was getting $1,100 every two weeks, right? Roughly. It fluctuated a little bit, Your Honor. When oil was good, he got $1,300. Is your argument that that's pretextual? In essence, that's what it is. As long as it's over $4.55 a week, isn't that good enough for purposes of the regulation or statute? Not at all. Not when it becomes a ruse to get around how you're paying employees. The 548 regulations talking about how you calculate overtime. There's a whole section in there that talks about schemes that avoid the overtime payments under the Act. I'm sorry, where is this? That particular section of schemes is where? That one's in 778, I believe, or maybe 785. It talks about schemes that avoid the overtime payment of the Act. But that idea, the protection of the employee, they invoked then in 541. But there's a definition for salary, right? Somewhere else in the regs, 602 or whatever. Doesn't this meet the definition of salary? No, not at all, Your Honor. Oh, it doesn't? No, and here's why. So it talks about a salary, and then it goes and it talks about deductions. What's the effect of the deductions from salaries? If just paying the money predetermined without looking at deductions was the law, there wouldn't be a section on deductions. If you deduct somebody's salary improperly, you turn them into an hourly employee. But the salary here is never deducted. Correct, it was not deducted. So why is it not salary? So you move to the next section that talks about extra pay and the effect of extra pay. And when there's extra pay, and that extra pay is based on time, like this one was, and that's the issue. When the pay is based on time, you have to have a reasonable relationship between the guaranteed amount and the total earnings, not the pay salary, the total earnings. So when you look at, and if you don't have that reasonable relationship, you're out of kilter on that. And you're saying that the extra pay is based on time, is that, that comes from where? This was, well it comes from Mr. Lombardi just a second ago, he said these guys were paid a day rate. I'm asking where in the statute does it come from? I'm sorry? Or the regulation? It's in B, 541-604-B, it says an exempt employee's, an exempt employee's earnings may be computed on an hourly, daily, or shift basis, right? Without losing the exemption if, and then it talks about the reasonable relationship test. So the focus of this, this part B, is when you're paying extra money and it's based on time. Why does, why does B use earnings and A use salary? I believe, Your Honor, because the Department of Labor was cognizant of the kind of scheme that you could put together where you had a low, low salary, but then you had high day rates where your amounts might fluctuate and the employer could get out of paying this additional money. It's looking at the total earnings and the relationship between the two that's the important thing. When you look at 541-604-A, and you all asked this question just a second ago, about this language about on hours worked for beyond the normal work week, right? You know, our contention is you can read this section A in a couple of different ways. First, you could say, all right, any additional money can only be for work beyond the normal work week, right? And there's a recent case, Gentry, and I apologize for not having the Westlaw site, it's in the Southern District of Texas, Gentry versus Hamilton-Riker IT Solutions, came out like March 4th or so, that talks about this language and saying it's not surplusage, it means 40 hours. It means the normal work week for someone. And so, if you're making this extra pay, it has to be for time past that 40 hours. Well, here, they're paying this day rate for the very thing that guy's hired to do from day one of that week. So if that's the case, it doesn't fall under subsection A. So then you look to subsection B and say, okay, the employee's earnings, the total earnings, were computed on an hourly or daily or shift basis. Here it was done on a daily basis. They look at the total earnings because there's two components to it, right, and you have to match them up. Both of these subsections say the guaranteed minimum amount. They don't call it a salary, right? They call it a guaranteed minimum amount because they don't designate what it is. The proposed regulation on the first sentence of section B said an exempt employee's, it said salary when it was proposed, but when it finished the notice and comment phase, that turned into earnings. And when you look at the Department of Labor's comments, and they're talking about where this would come up, they say that eliminating the reasonable relationship test, right, would allow basically for there to be an illusion that there would appear to be a salary, but it's really not one because most of the money's over here. So the department is very, very protective of employees not getting kind of brooked on that sort of thing. The idea being that if you're doing that job from day one, and you're getting compensated for that on a salary basis, there's no need to pay a day rate. Pay the high salary for that and don't deduct it whenever they work less than 40 and they're similarly not entitled to overtime. When you have a day rate though, if he works only two days instead of working five, then the company saves money. And that's what they wanted to do by setting it up this way. And that's what the department indicated was an illusion, if that makes any sense. I believe your opponent is arguing that B applies only when the employee's total earnings, everything, are based on hourly, daily, or a shift basis, and that, if I'm understanding the argument, that A applies to any employee that receives a salary. Well, then, your honor, then B would never apply because you're looking at two components, right, to compare them. You have to compare them. You have to be two components to compare the fixed amount plus the extra pay. And so if this regulation presupposes you're getting paid that fixed minimum amount, not that the entirety of your pay is based on time. His argument at the district court level was different. He said the base salary had to be based on time. And again, that's not what the regulation ends up saying once it's published through notice and comment. So clearly the department was concerned about it, and I would implore you all to read the Federal Register sections that I cite in my brief where they talk about this specific proposal and the comments that were received and what it meant when they changed it the way that they did. Now, they added to it this whole concept of reasonable relationship. That concept wasn't in the old regulation, 541.118, but it was in the field operations handbook, and it had been policy for something like 30 years at the time that they adopted this. And so they had been enforcing it in this way where they were looking at this comparison. Overall, what they're trying to prevent, like I said, is setting a very, very low salary and then paying high amounts in these other categories because that's a ruse. And that's exactly, I mean, in fact, this plan that they have here is exactly the kind of plan that the department talks about as being an illusion and is the very kind of thing that this court should certainly not permit to go forward. I mean, I want to make sure I'm understanding how you would interpret, I mean, from my perspective, it's not a model of clarity, these two subsections, but as I understand, you would say that if any portion of an employee's earnings for the normal work week is computed on hourly, daily, or shift basis, we're under subsection B. I think that... Is that accurate? I think that is an accurate way to read it. Another way to read it, Your Honor, would be to say that subsection A, just like kind of the general structure of the overall regulations where you had general and then deductions and then you had additions and what those effects were. Another way to read it is that subsection A is the general statement. These are the things that you can have a salary or can be considered a salary if you're getting extra pay, right? But then subsection B comes along and says, but when that's based on hourly, daily, or shift basis, which I kind of lumped together and I say based on time, when it's based on time, then there has to be a reasonable relationship. It's the time component that the Department of Labor was really worried about and that is evidenced best at the very end of that subsection where they say that this reasonable relationship requirement only applies, it applies only if the employee's pay is computed on an hourly, daily, or shift basis. It doesn't apply to people who are paid on commission or who get other kinds of bonuses that are not time-based. That was the Department's deal. 604A says that the bonus payment can be made based on time or any other basis. Correct. It says it can be made straight-time hourly, right, or half-time. The basis they talk about there, right, if you read B then, it modifies that and says if you do that, you have to have a reasonable relationship. They're saying in the first section, yeah, these extra payments are okay, right? If they're based on time, but that's time beyond the normal work week, is that right? If they're, well, the extra payments don't have to be based on time, they can be based on commissions or other things. Right, but if they are based on time, right, then you move into B and B says you have to have a reasonable relationship. I mean, it's kind of a general down to the specific. The reason that they put the additional language at the bottom of section B was because there were a number of people who wondered how that reasonable relationship requirement applied. Did it apply to all kinds of payments? Did it also apply to commissions and bonuses and such? And they wanted to make it clear that no, it didn't. It only applied to payments that were based on time. And so I think when you look at the way they've structured this and the overall structure of the regulations, plus what they said in the Federal Register, then you can read it that second way, Your Honor. But my initial cut at it, to answer your question, Judge McHugh, was that because it says that this additional compensation, based on hours worked for work beyond the normal work week, when you go beyond the normal work week and you're paying for extra there, that's okay. But if you're handing out money for the job that guy's hired to do every day, then you kick into B. And in B, it's the next last sentence in A that limits these additional payments that don't forfeit your exemption. Those additional payments must be for work performed beyond the normal work week. And if so, they can be based on time or commissions or whatever. Am I reading that correctly? That is a way, an accurate way. Sorry. How do you read it? What's your position? Well, I was going to say, she's right. It's not a model of clarity. I do believe that when they were focused on the hours worked beyond the normal work week, the idea behind this is extra pay for extra work. So I think that the extra payments had to be for time that were outside the normal work week. And they put that language in. How is that different from what I said? I was agreeing with you, Your Honor. Okay. But all you said was the reason. Sorry. There are two ways to look at this. What are the two ways? You've given me two ways. I can't just do it. I'm sorry. Can I resue this for a moment? No. I'm confused. All right. So. I thought the next last sentence was fairly clear, actually, which shows how muddled my brain is, I guess. But I certainly don't see two different ways to read it you've given us. Well, Mr. Lombardi, and I don't want to make his argument for him, but Mr. Lombardi's contention would be that that's just an example. Okay. Right? And so you don't look at that language. And if that's the case, then I think you've got the general statement that moves into the specific that's in section B. So I don't want to make his argument for him, but that's in essence what it is, if that makes any sense. I believe the red means I'm over time. Thank you, counsel. Your time has expired. Your Honor, if I may address some points, and the first one is that counsel identified a new case gentry. I am familiar with that case, and it's important to note that the letter, the offer letter specified that the individual would receive a salary based on 80 hours. And because of that, that one does fall under 604B rather than A, and thus is distinguishable. Mr. Brazeal made quite a few comments about a scheme in order to deprive people out of pay. That is the last thing this Lombardi is looking to do. This model is industry driven. And the reason why is because oil work, it's cyclical, it comes in rushes, and then you have nothing. Even though STC is not required to, STC pays its MWDs their base salary every week in which they have no work. That's a pure expense that they're absorbing during that time. And what they do in order to both pay the employees and allocate their risks, their profits, is they put a large bonus so that when STC is making money, the employees are also making more money. And when you look at it, that it's a part of the revenues that they're gaining from each customer that those bonuses are based on, it's a commission, not a day rate. You can tell this because they don't get paid for that during any days in which they have no customer billing. Yes, Your Honor. You didn't argue that it was profit sharing or a commission in the district court, did you? Your Honor, we said that that was based purely on the revenue, is what we said, in the district court. You never made an argument that this was profit sharing. I mean, I've taken a hard look at that. I don't see it. Your Honor, you've probably looked at the record better than I have at this point. We thought that we were making the issue in terms of arguing that it was only for when they were billing customers and getting revenue from customers that it was appropriate. You did say if the customer didn't pay, he wasn't paid, but there was never couched in an argument that this is akin to profit sharing or commissions, at least as I read it. All right, Your Honor. Go ahead and make your final point. Your time's expired. Yes, Your Honor. And that is, you cannot reconcile that portion in A, which says that it's a right to pay straight time or hourly time for time outside the normal work week, with counsel's argument regarding B, that that would violate the reasonable relationship test. If you look at it, most of these billings would have been more than 40 hours. So even under A, they would have been covered by that rather than B. The only reasonable reading of this is that the hourly, daily, or shift basis that is But the base payment was, were they shift workers or hourly, or was there a set schedule? And if so, then the reasonable relationship applies. Thank you, Your Honor. Thank you, counsel. Counsel are excused. We appreciate the argument. The case shall be submitted.